900 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Addison Warren SEWELL, Plaintiff-Appellant,
v.
Gary DIXON, Warden; John Doe, Doctor, Central Prison,
Defendants-Appellees.
 No. 89-7693.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (C/A No. 89-391-CRT-D)
 Addison Warren Sewell, appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before PHILLIPS, Circuit Judge, and HARRISON L. WINTER and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Addison Warren Sewell appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. In his complaint Sewell alleged that defendants changed his health grade from "B" to "A" without checking his medical records despite being told that Sewell had two ruptured disks in his back. As a result of his classification to "A" status Sewell was forced to do strenuous work which aggravated the back problem and caused severe pain. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) for failure to state a claim. We vacate and remand for further proceedings.
 
 
 2
 The Supreme Court recently addressed the standard to be used in dismissals under 28 U.S.C. Sec. 1915(d). In Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882), the Court, in a unanimous opinion, discussed the propriety of a Sec. 1915(d) dismissal merely because the complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). In Neitzke the inmate, Williams, filed a complaint under 42 U.S.C. Sec. 1983 in which he alleged that he had been diagnosed at one institution as having a brain tumor, as a result of which he was put on a nonwork status; however, when he was transferred to another institution he was required to participate in the work program despite his informing the prison staff of the earlier institution's doctor's orders that he not do so. He also alleged that the doctors at the new institution refused to treat his tumor. The district court summarily dismissed Williams' complaint as frivolous under 28 U.S.C. Sec. 1915(d) on the ground that it failed to state a claim under 12(b)(6). The district court concluded that Williams' claim stated at most a claim of medical malpractice which was not cognizable under Sec. 1983 and Estelle v. Gamble, 429 U.S. 97 (1976). The Seventh Circuit reversed this aspect of the district court's order.
 
 
 3
 The Supreme Court affirmed. The Court concluded that a complaint filed in forma pauperis is not automatically frivolous within the meaning of Sec. 1915(d) merely because it fails to state a claim. The Court observed, however, that Sec. 1915(d) dismissals were still appropriate, even on close but unavailing claims, "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Neitzke, 57 U.S.L.W. at 4495. In all other cases having arguable claims, however--even where it appears that the complaint fails to state a claim under 12(b)(6)--the court should allow the case to progress. Such a procedure provides the plaintiff with notice of a pending motion to dismiss under 12(b)(6), "alert[s] [the plaintiff] to the legal theory underlying the defendant's challenge, and enable[s] him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action." Id. at 4496.
 
 
 4
 In the instant case it is not " 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Neitzke, 57 U.S.L.W. at 4495. We express no opinion as to whether the complaint will survive a well-pleaded Fed.R.Civ.P. 12(b)(6) or summary judgment motion. We conclude, however, that the complaint is minimally adequate under Neitzke to survive dismissal as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 5
 Accordingly, we vacate the judgment of the district court and remand for further proceedings.* We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 In view of our decision in this case we deny Sewell's motion for appointment of counsel